**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emir Dini,<br><br>           Plaintiff,<br><br>v.<br><br>Equal Employment Opportunity Commission, et al.,<br><br>           Defendants. | No. CV-21-00629-PHX-MTL<br><br>**ORDER** |

Pending before the Court is the Equal Employment Opportunity Commission et al.'s (collectively, "EEOC") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (5) and (6). (Doc. 23.) The motion is fully briefed. (Docs. 23, 45, 47.) As explained herein, the Court grants the motion.

**I.    BACKGROUND**

In April 2021, *pro se* Plaintiff Emir Dini filed a complaint against the EEOC, alleging two claims: violation of the Administrative Procedures Act (Count I) and *ultra vires* agency action in violation of Constitutional separation of powers principles (Count II). (Doc. 1.) Plaintiff submitted a total of three charges in the EEOC's Denver and Phoenix offices based on civil rights violations. (*Id.* ¶¶ 7, 11.) Plaintiff asserts that the EEOC issued a notice of right-to-sue letter to him without investigating his claims. (*Id.* ¶¶ 10, 12.) Plaintiff did not file suit in any instance. (*Id.* ¶ 12.) After conducting his own investigation into the EEOC's priority claims handling procedures ("PCHP"), Plaintiff determined that "the policy was a scheme to hide the severe budgetary stress on the

agency and to serve as a policy crutch after decades of neglect by Congress to adequately fund the country's foremost civil rights agency." (*Id.* ¶ 13.) Plaintiff asserts that this policy was developed "in a manner and with the intent to abrogate portions of Title VII" and has thus "deprived in excess of 500,000 Americans a fair proceeding before the EEOC." (*Id.* ¶¶ 33, 39.) Plaintiff further asserts that "the Denver field office is currently on a campaign against disability discrimination" and will thus "reject other types of claims." (*Id.* ¶ 30.)

In his Count I, Plaintiff asserts that Congress withheld rulemaking authority from the EEOC which the agency "unlawfully circumvented," and it failed to follow a notice-and-comment period when it created the PCHP. (*Id.* ¶¶ 52–53.) In his Count II, Plaintiff claims the EEOC acted "in excess of its statutory authority" because it "lacks the authority to promulgate substantive rule changes [and] . . . re-write and implement Title VII in a manner in-consistent [*sic*] with statutory language." (*Id.* ¶ 58, 59.) Based on these allegations, Plaintiff seeks declaratory and injunctive relief vacating the PCHP. (*Id.* ¶¶ 54, 61, 62.)

## II.     LEGAL STANDARD

In evaluating a motion to dismiss, the court accepts all factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). The court liberally construes *pro se* pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Federal courts are courts of limited jurisdiction: "They possess only that power authorized by Constitution and statute." *Kokkonen v. Guard. Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1331).

Rule 12(b)(1) allows a defendant to challenge subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  A motion to dismiss under Rule 12(b)(1) may attack the complaint on its face by stating that the complaint fails to allege facts upon which the court can base jurisdiction.  *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  To survive a motion to dismiss under Rule 12(b)(1), the plaintiff has the burden of proving the court has jurisdiction. *Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint's claim for relief must be plausible, not just possible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Court is not required to accept as true all legal conclusions set forth in a pleading.  *Id.* at 678.

### III. ANALYSIS

The EEOC has sovereign immunity against suit unless it is expressly waived in statutory text.  *James v. EEOC*, No. 3:18-cv-01414-AC, 2019 WL 2453782 (D. Or. April 30, 2019).  And "Congress did not expressly create a cause of action against the EEOC by employees of third parties."  *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983); *see generally* 42 U.S.C. §§ 2000e–1 through 2000e–17.  "Only present or former employees of the EEOC (or applicants for employment) who allege an unlawful employment practice committed by the EEOC as an employer may bring a Title VII action against the EEOC."  *Ward*, 719 F.2d at 313.  Plaintiff is neither a former or present employee of the EEOC, nor is he alleging an unlawful employment practice committed by the EEOC. (*See* Doc. 1.)  Accordingly, Plaintiff lacks an express cause of action to sue the EEOC.

Similarly, an implied cause of action does not exist against the EEOC under Title VII.  *See Hall v. EEOC*, 456 F. Supp. 695, 699–700 (N.D. Cal. 1978) (declining to find an implied cause of action exists for a charging party to sue the EEOC to "more fully or

speedily investigate or attempt to conciliate their charge" because parties may simply circumvent the EEOC and file their own suit). Consequently, because "Congress did not intend to imply a private cause of action against the EEOC," the Plaintiff cannot maintain an action under Title VII. *Ward*, 719 F.2d at 313.

Plaintiff contends he has standing to challenge the PCHP under the Administrative Procedures Act ("APA"). But like Title VII, the APA does not authorize a suit by Plaintiff against the EEOC. Not all agency actions are reviewable by the Court; to be reviewable, the action must have "determinable consequences for the party to the proceeding." *ITT v. Elec. Workers*, 419 U.S. 428, 443 (1975). As related to the EEOC, any inaction in claims processing "has no determinable consequences because . . . actions are merely preparatory to a lawsuit by either the EEOC or the charging party." *Ward*, 719 F.2d at 313. Here, Plaintiff could have remedied the EEOC's alleged failure to investigate his claims by directly suing his employer.

Plaintiff contends that he may challenge the PCHP policy under the APA as outlined in *Texas v. Equal Employment Opportunity Commission*. 933 F.3d 433 (5th Cir. 2019). In that case, the state of Texas sued the EEOC based on Guidance it issued to "eliminate unlawful discrimination in employment screening" in state employers. *Id.* at 446. The Fifth Circuit found that Texas suffered "an increased regulatory burden" and "pressure[]" to change its state laws, which violated Texas's sovereign interest. *Id.* At 446–47. Plaintiff's case is inapposite. Unlike the state of Texas, Plaintiff has an adequate alternative remedy—filing suit against his employer himself. *Ward*, 719 F.2d at 314.

Plaintiff's *ultra vires* claim must also be dismissed for failing to state a claim. "[A] state officer may be said to act *ultra vires* only when he acts 'without any authority whatever.'" *Pennhurst State Sch. & Hops. v. Halderman*, 465 U.S. 89, 101 n.11 (1984) (quoting *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 697 (1982)). An *ultra vires* claim depends on "the officer's lack of delegated power. A claim of error in the exercise of that power is therefore not sufficient." *Larson v. Domestic & Foreign*

*Commerce Corp.*, 337 U.S. 682, 690 (1949). The regulations governing the EEOC expressly provide that its "authority to investigate a charge is not limited to the procedures outlined [herein]." 29 C.F.R. § 1601.15(d). Accordingly, Plaintiff's assertion that the agency "created PCHP to serve as a vehicle to circumvent Title VII's requirements" amounts to a claim that the EEOC overstepped its statutory authority, not that it acted without authority. *See id.*

Finally, in his response brief, Plaintiff contends that his due process rights were violated by the enactment of the PCHP. (Doc. 45 at 3.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Plaintiff has not alleged a deprivation of either liberty or property; Plaintiff was issued a right-to-sue letter by the EEOC. Accordingly, the Court dismisses any claim related to procedural due process. *See Hall*, 456 F. Supp. at 702–03 (dismissing a due process cause of action in a case brought by private plaintiffs against the EEOC because "[c]hanges made by the EEOC in the scope and extent of [its] investigative and non-adjudicatory procedures are simply not within the due process clause").

Plaintiff does not seek leave to amend. Because the Court finds that amendment would be futile, Plaintiff's claims are dismissed with prejudice. Here, it is clear that any amendments to Plaintiff's complaint would be futile given Plaintiff's lack of standing and this Court's lack of subject matter jurisdiction. These issues could not be saved by the allegation of additional facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (holding that amendment shall be permitted "unless it determines that the pleading could not possibly be cured by the allegation of other facts").

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** dismissing Plaintiff Emir Dini's Complaint (Doc. 1) in its entirety with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment and close this case accordingly.

Dated this 6th day of July, 2022.

Michael T. Liburdi
United States District Judge