**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Emir Dini, | No. CV-21-00629-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Equal Employment Opportunity Commission, et al., | |
| Defendants. | |

**I.**

Plaintiff Emir Dini filed a complaint in this Court alleging that Defendant Equal Employment Opportunity Commission ("EEOC") violated the Administrative Procedures Act and Constitutional separation of powers principles. (Doc. 1.) The Court granted Plaintiff's Application to Proceed in the District Court Without Prepaying Fees or Costs. (Doc. 7.) In an order filed July 7, 2022, this Court granted EEOC's motion to dismiss, and dismissed Plaintiff's complaint in its entirety with prejudice. (Doc. 52.) Plaintiff appealed. (Doc. 54.)

On August 15, 2022, the Ninth Circuit Court of Appeals filed a Referral Notice (Doc. 56), referring this matter to the Court for the limited purpose of determining whether Plaintiff's *in forma pauperis* status should continue on appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of *in forma pauperis* status is appropriate where the district court finds the appeal to be frivolous).

**II.**

"A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). A "good faith" appeal is one that is "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445, 451 (1962). Accordingly, an appeal is taken in "good faith" for this purpose where it seeks review of any issue that is "non-frivolous." *Hooker v*, 302 F.3d at 1092. An issue is frivolous if it has "no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990).

**III.**

Plaintiff's appeal cannot change certain fundamental facts and laws applicable in this case, such as the fact that the EEOC has sovereign immunity against suit unless it is expressly waived. *James v. EEOC*, No. 3:18-cv-01414-AC, 2019 WL 2453782 (D. Or. April 30, 2019). And "Congress did not expressly create a cause of action against the EEOC by employees of third parties." *Ward v. E.E.O.C.*, 719 F.2d 311, 313 (9th Cir. 1983). Likewise, the Administrative Procedures Act does not authorize a suit against the EEOC, and only agency actions that have "determinable consequences for the party to the proceeding" are reviewable. *See ITT v. Elec. Workers*, 419 U.S. 428, 443 (1975).

Yet Plaintiff continues to advance his case on a theory that he may bring suit against the EEOC for what he deems to be "violations of the Administrative Procedures Act" born out of the EEOC's Priority Charge Handling Procedures and "*ultra vires* agency action in violation of constitutional separation-of-powers." (Doc. 1.) The Court finds that any further attempt by Plaintiff to re-litigate these issues as grounds for reversal on appeal will have no arguable basis in fact or law. Specifically, the Court does not believe Plaintiff has

a cause of action against the EEOC, and the Administrative Procedures Act does not authorize his suit.

Ultimately, the Court has no reason to conclude that Plaintiff will litigate this case on appeal any differently than he has in this Court, and Plaintiff's appeal lacks an arguable basis in fact or law. Accordingly, the Court finds Plaintiff's appeal to be frivolous, and he should not be permitted to continue *in forma pauperis*.

### IV.

Accordingly, in compliance with the Ninth Circuit Court of Appeals' August 15, 2022 referral notice (Doc. 56):

**IT IS ORDERED** that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3), that an appeal of the Court's July 7, 2022 order and judgment would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall immediately notify the Ninth Circuit Court of Appeals and the parties of this denial. *See* Fed. R. Civ. P. 24(a)(4). The Clerk of the Court must indicate that this Order relates to the Ninth Circuit Court of Appeals docket number 22-16197.

Dated this 17th day of August, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge